1  SAMUEL R. MAIZEL (Bar No. 189301)
   samuel.maizel@dentons.com
2  SONIA MARTIN (State Bar No. 191148)
   sonia.martin@dentons.com
3  TANIA M. MOYRON (Bar No. 235736)
   tania.moyron@dentons.com
4  NICHOLAS A. KOFFROTH (Bar No. 287854)
   nick.koffroth@dentons.com
5  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
6  Los Angeles, California 90017-5704
   Tel: (213) 623-9300 / Fax: (213) 623-9924

Counsel to Plaintiffs and Chapter 11
Debtors and Debtors In Possession

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., a California nonprofit public benefit corporation, ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation, ST. VINCENT DIALYSIS CENTER, INC., a California nonprofit public benefit corporation, and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation, SETON MEDICAL CENTER, a California nonprofit public benefit corporation, and VERITY HOLDINGS, LLC, a California limited liability company,<br><br>      Plaintiffs,<br>v.<br><br>KALI P. CHAUDHURI, M.D., an individual, STRATEGIC GLOBAL MANAGEMENT, INC., a California corporation, KPC HEALTHCARE HOLDINGS, INC. a California Corporation KPC HEALTH PLAN HOLDINGS, INC. a California Corporation, KPC HEALTHCARE, INC. a Nevada Corporation, KPC GLOBAL | Case No. CV 20-00613-DSF<br><br>**STIPULATED PROTECTIVE ORDER** |

- 1 -

| | |
|---|---|
| 1<br>2<br>3 | MANAGEMENT, LLC, a California Limited Liability Company, and DOES 1 through 500,<br><br>    Defendants. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | STRATEGIC GLOBAL MANAGEMENT, INC., a California corporation,<br><br>    Counter-Plaintiff,<br> v.<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., a California nonprofit public benefit corporation, ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation, ST. VINCENT DIALYSIS CENTER, INC., a California nonprofit public benefit corporation, and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation, SETON MEDICAL CENTER, a California nonprofit public benefit corporation, and VERITY HOLDINGS, LLC, a California limited liability company,<br><br>    Counter-Defendants. |

This Stipulated Protective Order ("Protective Order") is entered into by and between Plaintiffs Verity Health System of California, Inc. ("VHS"), St. Vincent Medical Center and its wholly-owned subsidiary, St. Vincent Dialysis Center, Inc. ("collectively, St. Vincent"), St. Francis Medical Center ("St. Francis"), Seton Medical Center ("Seton," and together with St. Francis and St. Vincent, the "Plaintiff Hospitals" or the "Hospitals"), and Verity Holdings, LLC ("Verity Holdings"), and the Chapter 11 Debtors and Debtors in Possession (collectively, the "Debtors" or "Plaintiffs"), and Defendants

Strategic Global Management, Inc. ("SGM"), Kali P. Chaudhuri, M.D., KPC Healthcare Holdings, Inc., KPC Health Plan Holdings, Inc., KPC Healthcare, Inc., and KPC Global Management, LLC, (collectively, "Defendants").

1. <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned judge.

2. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

3. DEFINITIONS

3.1 Action: The instant action.

3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 Counsel: Attorneys representing a Party including outside counsel of record and in-house counsel (as well as their support staff).

3.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.9 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staffs).

3.10 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.11 Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.12 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.13 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Protective Order does not govern the use of Protected Material during a court hearing or at trial.

5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2     Manner and Timing of Designations.

Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.

 (b) for testimony given in depositions, the Designating Party can designate testimony "CONFIDENTIAL" in one of two ways.  First, a Party may identify on the record at the deposition the section(s) of the testimony to be designated CONFIDENTIAL.  Second, within 30 days of receipt of the deposition transcript, a party may identify the section(s) of the testimony to be designated "CONFIDENTIAL"

providing written notice to all parties of such designation, including the range of the specific page numbers.  All deposition transcripts shall be treated as CONFIDENTIAL until 30 days after receipt of the transcript in order to give the parties an opportunity to make designations.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)  for documents produced by a Producing Party that a Receiving Party believes contains information that qualifies as Confidential, within 30 days of receipt of the production, a Receiving Party may identify documents to be designated "CONFIDENTIAL" by providing written notice to all parties of such designation, including the range of the specific documents that should be treated as CONFIDENTIAL in accordance with this Protective Order.  All documents produced by a Non-Party shall be treated as CONFIDENTIAL until 30 days after receipt of the documents in order to give the parties an opportunity to make designations.

6.3     <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     <u>Timing of Challenges</u>.

Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

7.3 <u>Standard.</u>

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1 <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's attorneys of record, as well as employees of said attorneys to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, consultants and employees (including in-house

counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

    (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," the Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned judge.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

It is so stipulated by the counsel below:


Dated: December 10, 2020

**DENTONS US LLP**
JAE K. PARK

By: /s/ *Jae K. Park*
    Counsel to Plaintiffs and Chapter 11 Debtors and Debtors In Possession


Dated: December 10, 2020

**BARNES & THORNBURG LLP**
KEVIN D. RISING
RACHEL LERMAN
JOEL R. MEYER


By: /s/ *Joel R. Meyer*
    Counsel for Defendants,
    Strategic Global Management, Inc., *et al*.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joel R. Meyer, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

>  /s/ *Joel R. Meyer*
>  Joel R. Meyer

PURSUANT TO STIPULATION,

IT IS SO ORDERED.

DATED: December 14, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of _____. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____